861 F.2d 729
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ULIBARRI CONSTRUCTION CO., INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1218.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1988.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 Ulibarri Construction Company (Ulibarri) appeals the decision of the Veterans Administration Board of Contract Appeals[1] (the board) upholding the termination, for default, of Ulibarri's contract for construction of an addition to the laundry building at the Veterans Administration Medical Center, Denver, Colorado. We affirm.
 
 DECISION
 
 2
 We have carefully considered the arguments of both sides, particularly with respect to the board's findings on the testing for water penetration of the brick facade wall, the test methods used, and the availability of waterproofing procedures. The board's findings of fact are final and this court's review is limited to determination of whether those findings are arbitrary, capricious, based on less than substantial evidence, or rendered in bad faith. The board's conclusions of law are reviewed for legal correctness. 41 U.S.C. Sec. 609(b) (1982). American Electronic Laboratories, Inc. v. United States, 774 F.2d 1110, 1112 (Fed.Cir.1985).
 
 
 3
 It is the responsibility of the contractor to comply with the government contract specifications during construction. Fortec Constructors v. United States, 760 F.2d 1288, 1291-92 (Fed.Cir.1985). Substantial evidence supports the board's findings that the brick facade did not meet the contract specifications for water penetration, and that the specifications were not ambiguous. Legal waiver of default has not been shown. We conclude that the agency did not commit reversible error in terminating Ulibarri for default because of failure to correct the rejected wall, and generally because of insufficient progress toward timely completion of the contract work. We affirm on the basis of the board's opinion.
 
 
 
 [1]
 Ulibarri Construction Co. v. United States, VABCA No. 1780, 87-3 BCA (CCH) p 20,169 (1987)